835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
$75,900 IN UNITED STATES CURRENCY; $8,000 IN UNITED STATES
CURRENCY; and JOHN DOE, Defendants,
JAMES W. RAGLAND; MONA RAGLAND; ROBIN RAGLAND; LARRY
SUDDETH; and MULHALL, TURNER, HOFFMAN and
TRIPLETT, Defendants, Non-Party Appellants.
 No. 86-6063, 86-6064.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1987.
 
 BEFORE KEITH, JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants James W. Ragland, Mona Ragland, and Larry Suddeth appeal from the judgment of the district court ordering forfeiture of currency seized during the course of a narcotics investigation. For the reasons that follow, we affirm.
 
 I.
 
 2
 On March 1, 1982, two state search warrants were executed on the homes of James and Mona Ragland on Lynn Station Road and Larry Suddeth on Thelma Lane in Louisville, Kentucky. A safety deposit box key numbered 509 was seized from the Ragland residence, and a key numbered 386 was seized from the Suddeth residence.
 
 
 3
 On March 3, 1982, federal search warrants were executed on the safety deposit boxes. Box number 509 contained $75,900.00 in United States currency; box number 389 contained $8,000.00 in United States currency.
 
 
 4
 On April 27, 1982, appellants and twenty-seven other defendants were indicted on charges of conspiracy to distribute cocaine and marijuana. Appellants pleaded guilty on May 16, 1983. Nevertheless, the seized currency played a role in the trials of several other defendants. It was admitted at the trial of codefendant John Atnip in May 1983. At the trial, a government witness testified that money generated by the conspiracy was packaged in stacks and stored in safety deposit boxes. The currency was also expected to be used at the trial of defendant Jerry Tosh, which did not occur until May 1985.
 
 
 5
 State and federal forfeiture proceedings have been initiated as a result of the searches. Currency found in various briefcases during the execution of the state warrants are the subject of state forfeiture proceedings. Civil forfeiture proceedings against the currency found in safety deposit boxes numbered 386 and 509 are the product of a tortured procedural history.
 
 
 6
 On July 7, 1982, Larry Suddeth filed a motion to suppress and for return of evidence pursuant to Rule 41, Federal Rules of Criminal Procedure. He sought return of property seized from his residence and from safety deposit box number 386.
 
 
 7
 On August 30, 1982, the district court ruled that all motions would be treated as though made on behalf of all defendants. On the same date, Suddeth's motion to suppress was denied.
 
 
 8
 On May 3, 1984, appellants filed a renewed motion for return of the seized property and a request for hearing. The motion was denied by order entered June 4, 1984.
 
 
 9
 On July 12, 1984, the United States filed a complaint for forfeiture of the $75,900.00 found in safety deposit box number 509. United States v. $75,900 in United States Currency, No. C-84-0735-L(B) (W.D.Ky.1984). Forfeiture proceedings against the $8,000.00 found in safety deposit box number 386 were initiated on October 12, 1984. United States v. $8,000.00 in United States Currency, No. C-84-1060-L(A) (W.D.Ky.1984).
 
 
 10
 In United States v. $75,000.00, appellants filed a motion to dismiss on the ground that the government had unreasonably delayed in prosecuting the forfeiture action. The motion was denied by the district court on January 21, 1985.
 
 
 11
 On October 10, 1985, this court considered appellant's appeal from the district court's order of June 4, 1984, denying their motion for return of property under Rule 41(e), Federal Rules of Criminal Procedure. We directed a remand for consideration of appellants' claim in light of the Supreme Court's decision in United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555 (1983).
 
 
 12
 On October 16, 1985, the district court granted the government's motion for summary judgment in both civil forfeiture proceedings. On September 16, 1986, the district court, acting pursuant to the remand, entered orders in the civil forfeiture proceedings and the criminal proceeding in which it concluded that the government had not delayed unreasonably in initiating forfeiture proceedings. Defendants now appeal, alleging that the judgment of the district court is in error.[1]
 
 II.
 
 13
 In United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555 (1983), the Court held that a claimant's right to due process may be violated by unreasonable delay in the initiation of civil forfeiture proceedings. Id.; see generally D. Smith, Prosecution & Defense of Forfeiture Cases paragraph 12.01, at 12-2 (1986). Four factors are relevant in making this determination:
 
 
 14
 (1) the length of delay;
 
 
 15
 (2) the reason for the delay;
 
 
 16
 (3) the claimant's assertion of a right to a judicial determination of his interest in the property; and
 
 
 17
 (4) prejudice to the claimant.
 
 
 18
 In the present case, approximately twenty-nine months elapsed between the seizure and the initiation of forfeiture proceedings. We conclude that delay of this length is sufficient to trigger inquiry into the remaining factors. See $8,850, 461 U.S. at 565 (eighteen-month delay sufficient to trigger inquiry into remaining factors); United States v. Forty-Seven Thousand Nine Hundred Eighty Dollars ($47,980) in Canadian Currency, 804 F.2d 1085, 1088-89 (9th Cir.1986) (fourteen-month delay sufficient to trigger inquiry into remaining factors), cert. denied, 107 S.Ct. 2469 (1987).
 
 
 19
 The second relevant factor is the reason for delay. Cases decided in the aftermath of $8,850 have consistently recognized that pending criminal proceedings may justify delay in the initiation of civil forfeiture proceedings. For example, in United States v. United States Treasury Bills Totaling $160,916.25, 750 F.2d 900 (11th Cir.1985) (per curiam), Georgia Bureau of Investigation officials seized currency from an airplane crash on November 7, 1980. Following the crash, Georgia and federal officials began a narcotics investigation which culminated in December 1981 with the conviction of eleven defendants.
 
 
 20
 In January 1982, the government initiated forfeiture proceedings against the currency. Claimant Sun Bank of Miami, as representative of the estate of one of the passengers killed in the crash, argued that the government unreasonably delayed initiation of the forfeiture proceeding. The court rejected this argument.
 
 
 21
 In United States v. $8,850, the Supreme Court held that diligent pursuit of pending criminal proceedings presents strong reasons for delay in instituting civil forfeiture proceedings.
 
 
 22
 The district court determined that these considerations were significant in this case. The court noted the period between November 1980 and January 1982 was consumed with conducting a massive criminal investigation and prosecution of the very criminal activity that generated the funds. Moreover, there is nothing to indicate that the Government's investigation and subsequent criminal case was not pursued with diligence.
 
 
 23
 750 F.2d at 902. In the present case, as in Treasurey Bills, the delay was caused by "a massive criminal investigation and prosecution of the very criminal activity that generated the funds." Id. Accordingly, we agree with the district court that the delay in the present case was justified.
 
 
 24
 The third factor, which focuses on the claimant's assertion of a right to the property, weighs against the government in the present case. Appellants filed motions for return of the seized property. This constitutes an assertion of a right to a judicial determination within the meaning of $8,850. 461 U.S. at 568-69.
 
 
 25
 The final factor in the analysis is prejudice to the claimant. In $8,850, the Court noted that "[t]he primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence. Such prejudice could be a weighty factor indicating that the delay was unreasonable." 461 U.S. at 569. In the present case, no such prejudice has been shown. Thus, evaluation of this factor supports the decision of the district court. See $8,850, 461 U.S. at 569-70; Treasury Bills, 750 F.2d at 902; United States v. One 1954 Rolls Royce Silver Dawn, 777 F.2d 1358, 1362 (9th Cir.1985).
 
 
 26
 In the final analysis, we conclude that claimants' assertion of their rights in the seized currency is outweighed by the justification for delay occasioned by the ongoing criminal investigation and the absence of prejudice to the claimants. Thus, we find no error in the judgment of forfeiture.
 
 III.
 
 27
 The judgment of the district court ordering forfeiture of the $75,900.00 found in safety deposit box number 509 and the $8,000.00 found in box number 389 is AFFIRMED.
 
 
 
 [1]
 Defendants argue that the judgment of the district court cannot be upheld because the court failed to comply with this court's order to precisely delineate the property that was subject to forfeiture. On remand, the district court ordered forfeiture only of the currency found in the safety deposit boxes. Thus, we reject defendants' argument that a remand for clarification is in order